**Ciro A. LAMPASAS, Individually and d/b/a Ciro's Cibi Italiani Restaurant, Appellant,**

**v.**

**SPRING CENTER, INC., G.J. Braun Corporation d/b/a Braun Enterprises, and Craig McAlexander, Appellees.**

No. 14–98–00336–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 25, 1999.

---

**3.** *Inglish v. Union State Bank,* 945 S.W.2d 810 (Tex.1997).

Richard Lee Fuqua, Houston, for appellant.

Troy Allen Williams, Darrell K. McAlexander, Leslie M. Henry, Houston, for appellee.

Panel consists of Justices AMIDEI, EDELMAN and WITTIG.

### CORRECTED OPINION

DON WITTIG, Justice.

We withdraw the opinion issued February 4, 1999, and substitute the following in its place.

This is a negligence case in which Ciro Lampasas, Individually and d/b/a/ Ciro's Cibi Italiani Restaurant (Lampasas) sued Spring Center, Inc., G.J. Braun Corporation d/b/a/ Braun Enterprises (Braun), and Craig McAlexander for the damages his personal property incurred in a warehouse fire. The trial court granted summary judgment in favor of Spring, Braun, and McAlexander. Lampasas perfected this appeal. We affirm.

### Background

Spring Center owned and Braun, its agent, operated a warehouse facility. Spring Center leased its warehouse facility to Bet–Del Foods, Craig McAlexander, and various other tenants. Bet–Del Foods allowed Lampasas to store his restaurant supplies in its leased facility. Early one morning, a fire completely destroyed the multi-unit warehouse including Lampasas's supplies.

After the fire was extinguished, numerous entities retained experts to determine the cause and origin of the fire. The different investigators included the Harris County Fire Marshal, ADTEST Engineering, Premier Claims Investigations, and Armstrong Forensic Laboratory. These investigations were conducted immediately after the fire and included inspections of the premises, witness interviews, and chemical tests. Despite the extensive and numerous investigations, all the investigations resulted in the same conclusion: the cause of the fire was unidentified or undetermined. The investigations, however, did reveal Unit G, McAlexander's unit, as the unit where the fire most likely started.

Initially, Spring Center filed a summary judgment with supporting evidence that it owed Lampasas no duty. After adequate

time for discovery, a no evidence motion for summary judgment under Texas Rules of Civil Procedure 166a(i) was filed on behalf of Spring Center, Braun, and McAlexander. Three days before the hearing on the no evidence summary judgment, Lampasas filed his second amended petition asserting additional theories of negligence. The no evidence hearing was reset allowing an additional twenty-one days to pass. The trial court granted summary judgment for all three defendants. In two points of error, Lampasas asserts that the trial court erred in granting: (1) the no evidence summary judgment because the summary judgment evidence raised a genuine issue of material fact on the challenged elements; and (2) a final rather than a partial summary judgment because the motions for summary judgment did not address all causes of action.

### Standard of Review

The standard we follow when reviewing a summary judgment under TEX.R. CIV. P. 166a(c) is well-rehearsed. Summary judgment is proper only when the movant establishes there are no genuine issues of material fact and proves he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). To be entitled to summary judgment, a defendant must either (1) conclusively negate at least one essential element of each of the plaintiff's causes of action, or (2) conclusively establish each element of an affirmative defense to each claim. *See American Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). In deciding whether there exists a disputed fact issue precluding summary judgment, we treat evidence favorable to the nonmovant as true and indulge all reasonable inferences in the nonmovant's favor. *Id.* A summary judgment may be affirmed on any of the movant's theories that have merit. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 627 (Tex.1996).

The standard of review for a "no evidence" motion for summary judgment under TEX. R. CIV P. 166a(i) is less settled than standard motions for summary judgment. The new no evidence summary judgment shifts the burden of proof to the nonmovant to present enough evidence to be entitled to a trial. *Id.*

If the nonmovant is unable to provide enough evidence, then the trial court must grant the motion. *Id.* Because Rule 166a(i) is Texas's adoption of the federal rule for summary judgment motions, we look to federal case law dealing with the appropriate standard of review. *Id.* at cmt.

The United States Supreme Court in *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), discussed the federal standard for reviewing summary judgment holdings. *Id.* at 250, 106 S.Ct. 2505. There, the Court concluded that the summary judgment standard mirrored the standard used when reviewing directed verdicts. *Id.* Therefore, we must review the evidence in the light most favorable to the respondent against whom the no evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *See Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). "A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Id.* Stated another way, a no-evidence summary judgment is improperly granted if the respondent counters with more than a scintilla of probative evidence to raise a genuine issue of material fact. *See* TEX.R. CIV. P. 166a(i); *see Havner,* 953 S.W.2d at 711; *Isbell v. Ryan,* 983 S.W.2d 335, 338 (Tex. App.—Houston [14 th Dist.] 1998, no pet. h.); *Jackson v. Fiesta Mart, Inc.,* 979 S.W.2d 68, 70–71 (Tex.App.—Austin 1998, no pet. h.); Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise of suspicion" of a fact. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-

minded people to differ in their conclusions." *Havner*, 953 S.W.2d at 711.

Rule 166a(i) states "[t]he court must grant the motion [for summary judgment] unless the respondent produces summary judgment evidence raising a genuine issue of material fact." Under the federal counterpart, a fact is "material" only if it affects the outcome of the suit under the governing law. *See Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. Such a determination can only be made by reliance on the substantive law, and only those facts identified by the substantive law can be considered material. *Id.* A material fact is "genuine" if the evidence is such that a reasonable jury could find the fact in favor of the nonmoving party. *Id.* By the same token, if the evidence is not significantly probative, the fact issue is not genuine. *Id.*

### Analysis

#### Summary Judgment

In his first point of error, Lampasas asserts the trial court erred in granting the no evidence summary judgment. Specifically, he contends that his summary judgment evidence raised a material genuine issue of fact on the challenged elements: duty, breach, and causation.

■ A cause of action for negligence consists of three essential elements: (1) a legal duty owed by one party to another; (2) a breach of that duty; and (3) damages proximately caused by that breach.[1] *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). Duty is the threshold inquiry in a negligence case. *Id.* The existence of a duty is a question of law for the court to decide based on the specific facts of the case. *Mitchell v. Missouri–Kansas–Texas R.R.*, 786 S.W.2d 659, 662 (Tex.1990). In a premises liability case, the duty owed depends on the relationship between the parties. *Compare Motel 6 G.P., Inc. v. Lopez*,

929 S.W.2d 1, 3–4 (Tex.1996) (owner/invitee); *with Johnson Co. Sheriff's Posse v. Endsley*, 926 S.W.2d 284, 285 (Tex.1996) (lessor/lessee).

■ For Lampasas to withstand Spring Center's and Braun's no evidence summary judgment, he must establish that some duty was owed. He asserts that he was a guest of Bet–Del Foods, and thus, Spring Center and Braun[2] owed him a duty of reasonable care. In addition, Lampasas asserts that McAlexander, another tenant, also owed him a duty of reasonable care. We will examine the summary judgment evidence to determine the relationships between the parties and the duties owed.

■ The contract between Bet–Del Foods and Spring Center specifically provides in section 11.1 that "Lessee shall not have the right to sub-let said premises or to assign its interest in this Lease without the written consent of Lessor." In addition, the Texas Property Code provides that "[d]uring the term of a lease, the tenant may not rent the leasehold to any other person without the prior consent of the landlord." TEX. PROP. CODE ANN. § 91.005 (Vernon 1995). A subtenant without consent of the landlord is merely a trespasser. *See Digby v. Hatley*, 574 S.W.2d 186, 189 (Tex.Civ.App.—San Antonio 1978, no writ); *Young v. De La Garza*, 368 S.W.2d 667, 671 (Tex.Civ.App.—Dallas 1963, no writ).

■ Lampasas admits in his affidavit that he did not enter into a lease agreement with Spring Center, that he only had Bet–Del Foods's permission and consent to use its facility, and that he paid valuable consideration to Bet–Del Foods for its storage facility. Lampasas brought forward no evidence that he obtained Spring Center's consent. Therefore, Lampasas's status with respect to Spring Center and Braun is one of a mere trespasser.[3]

---

**1.** More specifically, a negligence cause of action consists of four elements: duty, breach, causation, and damages. *See Barnes v. Wendy's Intern., Inc.*, 857 S.W.2d 728, 729 (Tex.App.—Houston [14th Dist.] 1993, no writ).

**2.** Braun operated the warehouse facility as Spring's agent, and its duty is consistent with

Spring's duty. *See Marshbank v. Austin Bridge Co.*, 669 S.W.2d 129, 134 (Tex.App.—Corpus Christi 1984 ref'd n.r.e.).

**3.** Even if Lampasas was a guest of Bet–Del Foods or an invitee, he has no greater rights against the owner than that of a tenant. *See Garza–Vale v. Kwiecien*, 796 S.W.2d 500, 502

■ The only duty a premises owner or occupier owes a trespasser is not to injure him willfully, wantonly, or through gross negligence. *Texas Utils. Elec. Co. v. Timmons*, 947 S.W.2d 191, 193 (Tex.1997). Moreover, a trespasser must take the premises as he finds it, and if he is injured by unexpected dangers, the loss is his own. *Baldwin v. Texas Utils. Elec. Co.*, 819 S.W.2d 264, 266 (Tex.App.—Eastland 1991, writ denied).

■ Lampasas provided summary judgment proof including the lease contract and his and his expert's affidavits. Absent from this proof, however, was any evidence of Spring Center's or Braun's wilful, wanton, or grossly negligent conduct. In addition, Lampasas's evidence demonstrated through the investigators' reports that the fire most likely started in Unit G. Unit G was leased to McAlexander, and thus, Spring Center and Braun retained no control over this area. Reviewing all the evidence in the light most favorable to Lampasas and disregarding all inferences to the contrary, Lampasas failed to present sufficient evidence to withstand Spring Center's and Braun's no evidence motion for summary judgment.

■ McAlexander also moved for a no evidence summary judgment concerning the elements of duty, breach, and causation. The essential elements that must be established for a negligence claim are a duty, breach, and damages proximately caused from that breach. *Greater Houston*, 801 S.W.2d at 525. Neither party cites nor did we find any case law regarding any specific duties between one lessee and a trespasser in another lessee's unit. However, under the lease and statutory landlord/tenant law, Bet-Del Foods had no right to sublease its premises without the landlord's consent. *See* TEX. PROP.CODE ANN. § 91.005. Lampasas was a stranger to the lease and a trespasser under statute. Because of Lampasas's trespasser status with respect to Spring Center and Braun, he was a trespasser to all other occupiers or tenants on the premises. Consistent with our finding that Lampasas's summary judgment evidence was insufficient to establish any evidence that Spring Center or Braun owed any duty to Lampasas, his evidence is also insufficient to establish McAlexander owed any duty.

■ Even if we examine McAlexander's alleged liability under ordinary principles of negligence, Lampasas must bring some evidence that McAlexander owed him a duty. In determining whether to impose a duty, a court is to consider the risk, foreseeability, and likelihood of an injury weighed against the social utility of the actor's conduct, magnitude of the burden of guarding against injury, and consequences of placing that burden on the actor. *Greater Houston*, 801 S.W.2d at 525. Assuming that the summary judgment evidence placed a duty of reasonable care on McAlexander not to harm another tenant's trespasser and further assuming that nonmovant's evidence revealed a breach of this duty, Lampasas must still bring forth sufficient summary judgment evidence on the issue of causation.

The only summary judgment evidence Lampasas presents on the issue of causation is his expert's affidavit. The content and conclusions reached in the affidavit of Lampasas's expert were based on his review of the four investigations performed immediately after the fire. This review occurred approximately two years after the fire. Despite the fact that all four of these investigations concluded that the cause of the fire could not be determined, Lampasas's expert concluded that the cause of the fire was an electrical fire. We find the conclusion reached in his affidavit to be nothing more than speculation as to the actual cause of the

(Tex.App.—San Antonio 1990, writ denied). A tenant or his invitee is generally owed no duty by a lessor or owner for dangerous conditions on a leased premises. *See Johnson Co. Sheriff's Posse v. Endsley*, 926 S.W.2d 284, 285 (Tex.1996). This rule originates from the notion that a lessor relinquishes possession or occupancy of the premises to the lessee. *See id.* Texas courts, however, have recognized three exceptions to this general no duty rule. A lessor may be liable for injuries arising from: (1) the lessor's negligent repairs; (2) concealed defects of which the lessor was aware at the time the premises was leased; (3) a defect on a portion of the premises that remained under the lessor's control. *See id.* Lampasas presented no summary judgment evidence of any of these exceptions.

fire. *See Ryland Group, Inc. v.* Hood, 924 S.W.2d 120, 122 (Tex.1996) ("[c]onclusory affidavits are not enough to raise fact issues"). Therefore, Lampasas failed to present any summary judgment evidence that McAlexander caused the fire.

 In addition, Lampasas asserts that he presented sufficient evidence to establish a genuine issue of fact under the doctrine of res ipsa loquitur. The doctrine of res ipsa loquitur merely permits a trier of fact to base an inference of negligence upon circumstantial evidence of negligence. However, the doctrine merely permits an inference and "[t]he plaintiff continues to have the burden of persuading the jury by a preponderance of all the evidence that the defendant was negligent." *Mobil Chemical v. Bell,* 517 S.W.2d 245, 251 (Tex.1974).

 The res ipsa loquitur doctrine is only applicable when "two factors are present: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant." *Id.* at 251.

First, the investigators' reports indicated that the cause of the fire as unknown. Fires originate from many sources that may or may not have been due to someone's negligence. For example, the evidence in the record also included the speculation by a fire fighter at the scene that a nearby automobile ignited the warehouse fire. Secondly, there is no evidence that the instrumentality that caused the fire was under the management and control of the appellees. Reviewing all the evidence in the light most favorable to Lampasas's claim and disregarding all inferences to the contrary, Lampasas presents no evidence that either of these factors are satisfied.

### New Causes of Action

 In Lampasas's second point of error, he contends the trial court erred in granting a final rather than a partial summary judgment. Specifically, he asserts that the no evidence summary judgment did not address all the causes of action before the court.

Three days before the hearing on appellees' no evidence motion for summary judgment, Lampasas filed his second amended petition. This petition asserted several new variations of his original negligence claim. In his original petition, he asserted that the appellees owed him a duty of reasonable care by causing or failing to prevent the fire and by failing to have smoke detectors, fire alarms, or fire extinguishers installed in the warehouse. His second amended petition included four new variations of negligence against Spring Center and Braun and one new variation of negligence against McAlexander. The new variations alleged that Spring and Braun were negligent because they: (1) failed to verify McAlexander had insurance; (2) negligently entrusted the leased premises to McAlexander; (3) did not require McAlexander to be insured; and (4) misrepresented that all tenants were insured. The new variation against McAlexander was that he was negligent in failing to carry the required insurance. Because there is no evidence to the contrary, we are to assume the trial court considered and based its judgment on the amended pleadings. *Goswami v. Metropolitan Sav. & Loan Assoc.,* 751 S.W.2d 487, 490 (Tex.1988). This view is also supported by the fact that the trial court reset the summary judgment hearing for an additional three weeks after the amended petition.

 Under Rule 166a(c), the summary judgment law is well established. "In order to be a final, appealable summary judgment, the order granting the motion must dispose of all the parties and all the issues before the court." *Mafrige v. Ross,* 866 S.W.2d 590, 591 (Tex.1993). If the summary judgment grants more relief than requested, it should be reversed and remanded. *Id.* at 592. The genesis of this law is based on the amended language of Rule 166a(c) stating "[t]he motion for summary judgment shall state the specific grounds therefor ... [and] the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response." Tex.R. Civ. P. 166a(c); *see Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 26 (Tex.1993). However, if

the summary judgment is sufficiently broad, then it may be deemed to cover additional causes of action under appropriate fact situations. *See Farah v. Mafrige & Kormanik, P.C.,* 927 S.W.2d 663, 672 (Tex.App.—Houston [1st Dist.] 1996, no writ) (holding that negligent misrepresentation claim was covered when all tort claims sounded only in a contract and summary judgment proved contract claims were barred by statute of limitations); *Judwin Properties, Inc. v. Griggs and Harrison,* 911 S.W.2d 498, 502–03 (Tex. App.—Houston [1st Dist.] 1995, no writ) (holding that causes of action eventually specified and clarified in amended counterclaim were contemplated in motion for summary judgment).

Under 166a(i), the extent to which a no evidence summary judgment may grant relief has not yet been addressed. The relevant language of Rule 166a(i) states that a party "may move for summary judgment on the ground that there is no evidence of one or more of the essential elements of a claim or a defense on which an adverse party would have the burden of proof at trial." TEX.R. CIV. P. 166a(i). In addition, the comment to Rule 166a(i) states that "the motion must be specific in challenging the evidentiary support for an element of a claim or defense." *Id.* The court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. *Id.*

■■■■■■ The language of Rule 166a(i) is remarkably different than that of Rule 166a(c). Rule 166a(c) requires the movant to state the *specific grounds* for its motion. *Id.* To obtain complete relief, the movant must conclusively prove all the elements of a defense covering all causes of action or negate at least one essential element on all causes of action. *See Stiles,* 867 S.W.2d at 26. Thus, the pleadings set the limits on which the trial court may grant relief. TEX.R. CIV. P. 166a(c). However, Rule 166a(i) requires the movant to *specify the essential element or elements* of a claim or defense to which there is no evidence. TEX.R. CIV. P. 166a(i). This, in turn, shifts the burden on the nonmovant

to come forward with some evidence of the essential element or elements challenged in the motion. If the nonmovant does not, then the trial court must grant the no evidence motion for summary judgment covering all claims or defenses composed of the element or elements that were specifically challenged.[4] *Id.*

■■■■■■ Lampasas mistakenly wishes to defeat a no evidence motion for summary judgment by pleadings instead of proof. The purpose of the summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The new no evidence summary judgment shifts the focus of the summary judgment from the pleadings to the actual evidence. The Texas Supreme Court indicated the need for this shift when it recognized that pleadings are not competent summary judgment proof. *See Laidlaw Waste Sys. v. Wilmer,* 904 S.W.2d 656, 660 (Tex.1995). The thrust of the new rule is to require evidence. A no evidence summary judgment prevents the nonmovant from standing solely on his pleadings, but instead requires him to bring forward sufficient evidence to withstand a motion for instructed verdict. *See Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Havner,* 953 S.W.2d at 711. Lampasas's reliance on his second amended pleadings instead of bringing forward the requisite evidence is an attempt to avoid the effect of the new no evidence summary judgment rule.

Here, the no evidence motion for summary judgment stated that there was no evidence of any duty, breach, or causation. Appellees' no evidence summary judgment motion provided Lampasas with notice that he must come forward with some evidence on these challenged elements, or his negligent causes of action would fail. Instead of bringing forward evidence of the these challenged elements, Lampasas amended his petition to included variations of other negligent claims. However, all these new variations in his sec-

---

4. Depending on the causes of action and the specificity of the no evidence summary judgment, the trial court's ability to grant complete relief will vary.

ond amended petition sound in negligence and are composed of the same essential elements, duty, breach, and causation, which were already challenged in appellees' motion. The issues of the lease and its terms, as well as the relationships of the various parties, were already clearly joined before the court. Lampasas was on notice and given additional time to amend his affidavit. Despite the additional time, the amended affidavit failed to provide any sufficient evidence on these challenged elements. Therefore, Judge Brister correctly granted the no evidence summary judgment.

 We do not hold that newly filed pleadings may not ever raise entirely new distinct elements of a cause of action not addressed in a no evidence motion for summary judgment.[5] However, based on the facts before us, the amended petition merely reiterates the same essential elements in another fashion, and the motion for summary judgment adequately covers these new variations. *See Farah,* 927 S.W.2d at 672; *Judwin Properties,* 911 S.W.2d at 502–03; *see also Andrews v. East Texas Medical Center-Athens,* 885 S.W.2d 264, 266 (Tex.App.—Tyler 1994, no writ) (recognizing that if amended pleadings do not materially change cause of action, original summary judgment is sufficient to grant complete relief). Appellees' motion for summary judgment specifically challenged the elements of duty, breach, and causation of Lampasas's myriad negligence claims. The essential elements of any negligence case invariably include duty, breach, and causation. And no matter how many ways one cuts the cake, the knife slices through the essential elements of flour, sugar, and water *i.e.,* duty, breach, and causation. To hold otherwise would provoke the predicament of an amended pleading followed by a new motion for summary judgment followed by a new amended pleading.

Like sudden death overtime, the last pleading filed would win. Accordingly, we overrule Lampasas's second point of error.

We affirm the judgment of the trial court.

---

**5.** Lampasas cites several cases arguing his proposition that a trial court may not grant relief that is not addressed in a motion for summary judgment before it. We agree that unaddressed issues cannot be a bases for summary judgment. *See Hodde v. Young,* 672 S.W.2d 45, 47 (Tex. App.—Houston [14th Dist.] 1984) *writ ref'd n.r.e.,* 682 S.W.2d 236 (*per curiam* ); *Dillard v. NCNB Texas Nat'l Bank,* 815 S.W.2d 356, 358 (Tex. App.—Austin 1991, no writ) (unaddressed counter claim), *overruled on other grounds by Amberboy v. Societe de Banque Privee,* 831 S.W.2d 793, 797 (Tex.1992); *Uribe v. Houston Gen. Ins. Co.,* 849 S.W.2d 447, 450–51(Tex.App.—San Antonio 1993, no writ) (separate, distinct, and unaddressed counter claim); *Chessher v. Southwestern Bell Tele.,* 658 S.W.2d 563, 564 (Tex.1983) (defense to only one of four causes of action addressed in summary judgment motion).