Shirley Robinson v. Warner-Lambert Company and Old Corner Drug















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-363-CV

     SHIRLEY ROBINSON,
                                                                              Appellant
     v.

     WARNER-LAMBERT AND OLD
     CORNER DRUG,
                                                                              Appellees
 

From the 74th District Court
McLennan County, Texas
Trial Court # 96-3461-3
                                                                                                                
 
O P I N I O N
                                                                                                                

      In this product-liability suit, we must determine the propriety of the grant of a “no-evidence”
summary judgment. Because we find that the appellant failed to produce competent evidence on
the contested element of her claim, we will affirm the summary judgment.
      Shirley Robinson filed a product-liability claim against Warner-Lambert Company and Old
Corner Drug (the defendants) alleging negligence and failure to warn that a flu vaccine
manufactured and sold by the defendants could cause a blood test to result in a “false positive” for
Human T-Cell Lymphtropic Virus (HTLV-I and HTLV-II). The defendants filed a “no-evidence”
motion for summary judgment, which was granted. Tex. R. Civ. P. 166a(i). Robinson appeals,
asserting that summary judgment was improper. 
FACTS
      On November 1, 1994, Robinson received a flu vaccine. On November 10, she gave blood
at the Red Cross Blood Center in Waco, Texas. Approximately two weeks later, she was
informed that her blood tested positive for HTLV-I and HTLV-II. She had several tests over the
next few months and eventually discovered that she did not have these diseases. Robinson, who
is a Licensed Vocational Nurse, conducted her own research and determined that the flu vaccine
caused her false-positive test result. In October of 1996, she filed suit against the defendants
asserting negligence and strict liability for manufacturing and selling the flu vaccine without
properly warning that it could cause a false-positive test result. The defendants asserted in a “no
evidence” motion for summary judgment that Robinson had, in two years of conducting discovery,
failed to obtain any evidence that “Defendants’ conduct was the proximate or producing cause of
her claimed damages.” Summary judgment was granted.
NO-EVIDENCE SUMMARY JUDGMENT
Rule 166a(i) provides:
(i) No-evidence motion. After adequate time for discovery, a party without presenting
summary judgment evidence may move for summary judgment on the ground that there is no
evidence of one or more essential elements of a claim or defense on which an adverse party
would have the burden of proof at trial. The motion must state the elements as to which there
is no evidence. The court must grant the motion unless the respondent produces summary
judgment evidence raising a genuine issue of material fact.
Id.
      A no-evidence motion for summary judgment places the burden on the nonmovant to present
enough evidence to be entitled to a trial. Lampasas v. Spring Center, Inc., 988 S.W.2d 428, 432
(Tex. App.—Houston [14th Dist.] 1999, no pet. h.). The purpose of the summary judgment is
to “pierce the pleadings and to assess the proof in order to see whether there is a genuine need for
trial.” Id. at 436 (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587,
106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (referring to federal standard for reviewing
summary judgment holdings)). Thus, the focus is shifted from the pleadings to the actual
evidence. Id. 
      The party moving for a no-evidence summary judgment should specifically state the elements
as to which there is no evidence. Ethridge v. Hamilton County Electrical Coop., No. 10-98-227-CV, slip op. at 6-7 (Tex. App.—Waco June 23, 1999, no pet. h.). It is then the nonmovant’s
burden to bring forth evidence that raises a fact issue on the challenged elements. Heiser v.
Eckerd Corp., 983 S.W.2d 313, 316 (Tex. App.—Fort Worth 1998, no pet.); Jackson v. Fiesta
Mart, Inc., 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.). The nonmovant "is not
required to marshal its proof," but need only point out the evidence produced which establishes
that a question of fact exists. Bomar v. Walls Regional Hosp., 983 S.W.2d 834, 840 (Tex.
App.—Waco 1998, pet. filed).
      On appeal, we apply the same legal sufficiency standard in reviewing a no-evidence summary
judgment as we apply in reviewing a directed verdict. We review the evidence in the light most
favorable to the party against whom the no-evidence summary judgment was rendered,
disregarding all contrary evidence and inferences. See Merrell Dow Pharmaceuticals, Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied, --- U.S. ----, 118 S.Ct. 1799, 140
L.Ed.2d 939 (1998); Connell v. Connell, 889 S.W.2d 534, 538 (Tex. App.—San Antonio 1994,
writ denied). 
GOOD FAITH DISAGREEMENTS
      In her fifth issue, Robinson asserts that the court erred in granting summary judgment “as
such a drastic remedy is not appropriate where good-faith disagreements exist as to the type and
level of evidence required.” Robinson argues that the “new” summary judgment rule, if read as
suggested by the defendant and as accepted by the trial court, “transcends and basically voids a
half-century of summary judgment case law.” She is correct. We have already detailed the
standard of review to be used in a no-evidence summary judgment. This is a significant change
in summary judgment practice in Texas. The court did not abuse its discretion in granting “such
a drastic remedy.” Issue five is overruled.
IMPROPER HEARSAY
      Robinson’s second, third, and fourth issues all complain that the court erred in striking
evidence attached to her response to the motion for summary judgment. In her second issue, she
specifically complains of error in sustaining the defendant’s objection to statements contained in
her affidavit indicating that an unidentified nurse and a physician named Dr. Lea told her that the
flu vaccine could cause a false-positive test result. Specifically, the affidavit states:
I received my first notice of the flu vaccine/HTLV I and II connection from the Red Cross
nurse. . . . I went through three different doctors over more than a year to finally find one
who could help me. Dr. Lea was able to give me a test that showed negative. Dr. Lea was
aware of the same connection that the Red Cross [nurse] knew. . . .
 
Neither the nurse nor Dr. Lea submitted affidavits. 
      Citing Rule of Evidence 801(d), Robinson asserts on appeal that these statements were not
offered for the truth of the matter asserted. See Tex. R. Evid. 801(d) (defining hearsay). If
offered for their truth, the court correctly excluded them. If not offered for the truth, then the
statements could not have been considered for the purpose of proving that the false-positive test
result was caused by the flu vaccine. Issue two is overruled.
      In her third issue, Robinson complains that the court improperly excluded statements in her
affidavit relating a causal link between the vaccine and the test results. Robinson urges that a
“plain reading of the affidavit indicates that Plaintiff’s entire testimony on the subject was that she
had been informed of the link, did her own research, and found documentation of the link, some
of which she attached to her affidavit.” She further urges that she “was clearly only reporting the
information she had received.” Robinson’s affidavit asserts:
I have done my own research and determined there are government reports and journal
articles documenting the link between the HTLV positives and the flu vaccines. I have
attached one of the articles which documents this link. I am shocked that the manufacturers
of the flu vaccine have not warned consumers or even health-care professionals of these
problems.

Robinson seems to assert that the statements in her affidavit do not attempt to establish the causal
link, but rather detail “information she had received” which established the causal link. 
      The fact that Robinson had reviewed relevant medical literature did not qualify her to testify
as to the information contained in that literature. Robinson states in her affidavit that she is a
Licensed Vocational Nurse (LVN) and has given many flu shots in the past. To testify regarding
information contained in medical literature, Robinson had to establish that her knowledge,
experience, skill, training, or education were such that the court could conclude that she had
expertise regarding causation. Broders v. Heise, 924 S.W.2d 148, 153 (Tex. 1996); see also
Wilcox v. Hempstead, 992 S.W.2d 652, 658 (Tex. App.—Fort Worth 1999, no pet. h.). Stating
that she is an LVN who has given flu shots does not qualify her to explain the causal link between
the flu vaccine and false-positive blood tests. Thus, this testimony was likewise inadmissible as
unqualified expert testimony. Issue three is overruled.
      In her fourth issue, Robinson contends that the court improperly excluded as hearsay an article
published in the American Medical Association (AMA) Journal. She first asserts that the article
was not offered for the truth of the matter asserted, but rather “to evidence the fact that literature
does exist documenting the phenomenon of the factual correlation between vaccine administration
and false positive test results.” Robinson has not cited any authority allowing such an exception
to the hearsay rule and we find none. Additionally, as stated in our discussion of issue two, if the
article was not offered for the truth of the matter asserted, then it could not be considered as
evidence of causation. 
      She further urges that the court should have taken judicial notice of the article as it is
“clearly” a learned treatise. We find no authority to support this contention. For a statement
contained in a learned treatise to be excluded from the application of the hearsay rule, it must be
“called to the attention of an expert witness upon cross-examination or relied upon by the expert
in direct examination.” Tex. R. Evid. 803(18). Robinson did not bring forth an expert who
relied on the article; thus, the initial prerequisite of the exception was not satisfied. See id. (“To
the extent called to the attention of an expert witness upon cross-examination or relied upon by
the expert in direct examination, . . . .”); Owens-Corning Fiberglas Corp. v. Malone, 916 S.W.2d
551, 559 (Tex. App.—Houston [1st Dist.] 1996), aff’d, 972 S.W.2d 35, (Tex. 1998). The article
was not admissible as a learned treatise.
      Robinson also asserts that the article is a report of a study done by the Bureau of Public
Health and the Centers for Disease Control and falls within the public records and reports
exception to the hearsay rule. See id. 803(8)(C). Rule 803(8)(C) excludes from the hearsay rule
“Records, reports, statements, or data compilations, in any form, of public offices or agencies
setting forth: . . . in civil cases as to any party and in criminal cases as against the state, factual
findings resulting from an investigation made pursuant to authority granted by law; unless the
sources of information or other circumstances indicate lack of trustworthiness.” Id. Federal
courts have set forth factors for consideration in determining the trustworthiness of a report under
Federal Rule of Evidence 803(8)(C), which is identical to Texas Rule of Evidence 803(8)(C). 
These factors include:
. . . the timeliness of the investigation, the special skill and experience of the investigator; 
whether a hearing was held and the level at which it was conducted; and any possible
motivation problems in the preparation of the report. 

Perrin v. Anderson, 784 F.2d 1040, 1047 (10th Cir. 1986). Robinson made no showing of
trustworthiness. Furthermore, the evidence at issue here is an article and not a record, report,
statement, or data compilation of a public office or agency. The information contained within the
article may summarize a study, but cannot be said to be a report of an agency. Thus, the article
is not admissible under Rule 803(8)(C). Because the article is hearsay, it was properly excluded. 
Issue four is overruled.
CAUSATION
      In her first issue, Robinson urges that the court erred in granting summary judgment because
the evidence created a material issue of fact. She asserts that the AMA article which she attached
to her response to the motion for summary judgment “clearly reports that [there] has been a link
between flu vaccine and HTLV positive results.” She further asserts that “[t]he short time period
between the vaccine and the results and the published link of the vaccine and the results combined
with the eventual negative test are by themselves, sufficient proof to support a conclusion that the
vaccine was the cause of the result.”
      Robinson’s response consisted of only the AMA journal article and her own affidavit. We
have already determined that the article and parts of Robinson’s affidavit were properly excluded
by the trial court. Thus, Robinson provided no evidence on the issue of causation.
      Under Rule 166a(i), summary judgment must be granted if the party opposing the motion fails
to bring forth competent summary judgment evidence. Jackson, 979 S.W.2d at 71-72. The
defendants asserted in a motion for summary judgment that there was no evidence that the vaccine
caused Robinson’s false-positive test results. Robinson failed to bring forth competent evidence
to show causation. Thus, summary judgment was properly granted. Issue one is overruled.
      Having overruled all issues presented for review, we affirm the judgment.
 
                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed 
Opinion delivered and filed August 18, 1999
Publish