Opinion issued July 18, 2002
















In The

Court of Appeals

For The

First District of Texas






NO. 01-00-01284-CV

____________


CINDY GOODMAN, SHELBY GOODMAN, AND ERIC GOODMAN,
Appellants


V.


MARK BERGER, M.D., Appellee






On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 99-18295






O P I N I O N

 Appellants, Cindy Goodman, Shelby Goodman and Eric Goodman, brought suit
individually and in the interest of the Estate of Morris Goodman, against Dr. Mark
Berger, appellee, for medical negligence in the treatment of Morris Goodman. In their
sole point of error, appellants claim the trial court erred in granting Dr. Berger's motion
for summary judgment.

 We reverse and remand.

Facts and Procedural Background

 On April 3, 1997, Mark Goodman (Goodman), after a sudden cardiac arrest, was
transferred to Methodist Hospital from St. Patrick's Hospital in Lake Charles,
Louisiana. From April 6 to April 22, Goodman was in the critical care unit on
ventilator support. On April 18, 1997, a transluminal coronary angioplasty and stenting
procedure was performed. On April 22, 1997, Goodman was found to have intermittent
alpha rhythm with lateralizing features. That same day, Dr. Berger, in his capacity as
a pulmonologist, was asked to consult on Goodman's condition regarding extubating,
versus a tracheostomy, for long term ventilator support. Dr. Berger extubated
Goodman. Goodman rested comfortably for a period ranging from 30 minutes to an
hour, at which point he became distressed and was reintubated. His condition
continued to deteriorate and he died later that day.

 Appellants contend Dr. Berger's failure to properly diagnose Goodman's
pulmonary condition, wrongful extubation of Goodman, and failure to observe
Goodman for the appropriate period of time after extubation proximately caused
Goodman's death. Dr. Berger filed a no-evidence motion for summary judgment
contending there was no proof he breached a duty of care or that his actions
proximately caused Goodman's death. In response to Dr. Berger's motion, appellants
produced the deposition testimony of, and two affidavits from, Dr. Charles Marable,
a board certified neurologist.

 The trial court granted Dr. Berger's motion for summary judgment, and
appellants filed a motion for new trial, which was overruled by operation of law.

No-Evidence Motion for Summary Judgment

 In their sole issue, appellants contend the trial court erred in granting Dr.
Berger's no-evidence motion for summary judgment. A no-evidence motion for
summary judgment must specify the essential elements of a claim or defense to which
there is no evidence, shifting the burden onto the nonmovant to come forward with
some evidence of the essential element or elements challenged in the motion. Tex. R.
Civ. P. 166a(i); Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 436 (Tex.
App.--Houston [14th Dist.] 1999, no pet.). If the nonmovant does not satisfy its
burden of producing some evidence of the essential element or elements challenged in
the motion, then the trial court must grant the motion covering all claims or defenses
composed of the challenged element or elements. Tex. R. Civ. P. 166a(i); Lampasas,
988 S.W.2d at 436. 

 We review the evidence in the light most favorable to the nonmovant,
disregarding all contrary evidence and inferences. Merrell Dow Pharmaceuticals, Inc.
v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). A no-evidence summary judgment is
improperly granted if the nonmovant brings forth more than a scintilla of probative
evidence to raise a genuine issue of material fact. Id. More than a scintilla of evidence
exists when the evidence "rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions." Id.

 In a medical malpractice cause of action, a plaintiff must prove by competent
testimony that the defendant's negligence proximately caused the plaintiff's injury. 
Duff v. Yelin, 751 S.W.2d 175, 176 (Tex. 1988). A plaintiff must establish: (1) a duty
requiring the physician to conform to a certain standard of care; (2) the applicable
standard of care and its breach; (3) an injury; and (4) a reasonably close causal
connection between the breach of the standard of care and the injury. Wheeler v.
Aldama-Luebbert, 707 S.W.2d 213, 217 (Tex. App.--Houston [1st Dist.] 1986, no
writ). In a medical malpractice case, breach of the standard of care and proximate
cause must be established through expert testimony. Ocomen v. Rubio, 24 S.W.3d 461,
466 (Tex. App.--Houston [1st Dist.] 2000, no pet.). The threshold question in a
medical malpractice case is the appropriate standard of care. Armbruster v. Mem.
Southwest Hosp., 857 S.W.2d 938, 941 (Tex. App.--Houston [1st Dist.] 1993, no writ). Here, Dr. Berger argued, in his summary judgment motion, that Dr. Marable, a
neurologist, could not testify as to the standards of care applicable to Dr. Berger, a
pulmonologist. He further argued there was no evidence to establish a breach of the
standard of care or that Dr. Berger's actions were the proximate cause of Goodman's
death. Dr. Berger's summary judgment motion gave the appellants notice that they
were required to present some evidence on these challenged elements or their
negligence claims would fail.

 To raise a fact issue sufficient to defeat a no-evidence summary judgment on the
element of the applicable standard of care and its breach, a plaintiff may file a
controverting expert affidavit which: (1) specifically identifies the standard of care; (2)
establishes the expert's familiarity with that standard; and (3) explains why the
treatment rendered by the health care provider breached the applicable standard. Silvas
v. Ghiatas, 954 S.W.2d 50, 53 (Tex. App.--San Antonio 1997, writ denied).

 Appellants relied on the expert testimony of Dr. Marable, a board certified
neurologist, as competent summary judgment evidence. He signed two affidavits
which were presented to the trial court. The first affidavit by Dr. Marable reads, in
relevant part, as follows:

 From the records reviewed, it is felt that Dr. Burger [sic] fell below the
standard of care, failing to find the etiology of the reason for the patient's
agitation and then prescribed a sedating drug to calm him down. Had it
not been for extubating the patient while he was agitated, the patient
wouldn't have died, and therefore, it is felt that Dr. Burger [sic] fell below
the standards of care. The proper thing would have been to try to find the
source of the agitation, and make sure there was no way that would
interfere with the patient's medical condition upon extubation. But as
such, none was performed and the patient expired. It was felt that the
premature removal of the ET tube by Dr. Burger [sic] was the
precipitating cause for this patient's demise. My opinions are based on a
reasonable degree of medical probability.

 In his second affidavit, Dr. Marable further stated his familiarity with the
standard of care for the particular medical condition at issue. In that affidavit, Dr.
Marable acknowledged he was not acting as a pulmonologist in this case, but had
considerable experience extubating patients. Dr. Marable faulted Dr. Berger for
extubating Goodman "at a point in his medical condition, which was extremely
premature and precipitated" Goodman's death.

 On appeal, counsel for Dr. Berger conceded in oral argument that Dr. Marable
was competent to offer medical opinions in this case regarding Dr. Berger's extubation
of Goodman. See Blan v. Ali, 7 S.W.3d 741, 745 (Tex. App.--Houston [14th Dist.]
1999, no pet.) (citing Tex. Rev. Civ. Stat. Ann. art. 4590i, § 14.01(a)(2) (Vernon
Supp. 2002)). 

 In his affidavits, Dr. Marable stated the standard of care for the particular
condition involved in this claim - the extubation of a patient after he has been placed
on a ventilator. Dr. Marable's affidavit testimony established (1) the standard of
care--that a physician should first try to find the source of agitation and make sure it
would not interfere with the patient's medical condition upon extubation, (2) he was
familiar with the standard of care with his considerable extubation experience, and (3)
Dr. Berger breached his duty of care by not precisely determining the source of
agitation before extubation. See Silvas, 954 S.W.2d at 53. Moreover, Dr. Marable's
affidavit testimony clearly stated his opinion that Dr. Berger's "premature removal of
the ET tube" was "the precipitating cause" of Goodman's death. Thus, appellees
brought forth more than a scintilla of probative evidence to raise a genuine issue of
material fact on the elements of the applicable standard of care and its breach and
causation. 

 We sustain appellants' sole issue.

Conclusion


 Because the summary judgment evidence presented by appellants raised material
issues of fact, we hold the trial court erred in granting Dr. Berger's no-evidence motion
for summary judgment. We reverse the summary judgment granted in favor of Dr.
Berger and remand this case to the trial court for further proceedings.




 Terry Jennings

 Justice


Panel consists of Chief Justice Schneider and Justices Jennings and Wilson. (1)

Do not publish. Tex. R. App. P. 47.

1.