Opinion issued July 25, 2002
















In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00197-CV

____________


LISA DELMONICO, Appellant


V.


JOHN BERRY, M.D., Appellee






On Appeal from the 61st District Court

Harris County, Texas

Trial Court Cause No. 99-00761






O P I N I O N

 Appellant, Lisa Delmonico, brought suit against appellee, Dr. John Berry, for
medical malpractice alleging that Dr. Berry failed to timely examine, diagnose and treat
a post-operative infection and later failed to prescribe intravenous antibiotics after
examining her. Dr. Berry filed a no-evidence motion for summary judgment asserting
Delmonico failed to create a fact issue as to a breach of the standard of care and
causation. In her sole point of error, Delmonico claims the trial court erred in granting
Dr. Berry's motion for summary judgment. We affirm.

Background

 On January 15, 1997, Dr. Berry, a neurosurgeon, performed back surgery on
Delmonico. Delmonico was discharged from the hospital on January 17th and began
home health care on January 20th as prescribed by Dr. Berry. On the Saturday after her
discharge, she called Dr. Berry and told him her pain was worsening. She claims Dr.
Berry told her that her pain was normal and that he would only treat the pain
temporarily because she was an addict and the pain might be in her mind. Delmonico 
did not recall if he increased or changed her medication and was uncertain as to
whether she attempted to contact him again during the following three days. 

 Delmonico developed a fever within a week after her surgery, called Dr. Berry
again, and told him, "I'm hurting real bad. I'm running a 102 fever. Something's
opened up on my back and stuff's coming out." She contends Dr. Berry refused to see
her because "he did not treat the flu." She went to see an internist for her cough, fever
and "feeling bad," and she was given antibiotics. Two days later, she went to see
another internist, who also prescribed an antibiotic. On January 28th she met with Dr.
Lanys, again claiming that Dr. Berry refused to see her. Dr. Lanys told her he was
concerned that the fluid coming from the hole in her back might be spinal fluid, and he
sent her to see Dr. Berry. On that same day, Delmonico went to her scheduled
appointment with Dr. Berry. Dr. Berry dressed the wound, prescribed antibiotics, and
wrote instructions for her home healthcare nurses on how to care for the wound. A few
days later, Dr. Berry told her that the results of a culture from her wound indicated the
bacteria present were resistant to the antibiotic he prescribed, and he changed her
prescription. 

 Dr. J. Michael Gold examined Delmonico on February 6th and admitted her to
the hospital for closure of the wound. He prescribed intravenous antibiotics and asked
Dr. Robb Parrish, a neurosurgeon, to assess the wound for cleansing and closure. Dr.
Parrish performed surgery on Delmonico and cleaned and closed the wound on her
back. 

No-Evidence Summary Judgment

 In her sole point of error, Delmonico contends the trial court erred in granting
Dr. Berry's no-evidence motion for summary judgment because her claim is supported
by her and Dr. Gold's deposition testimony. 

 A no-evidence motion for summary judgment must specify the essential elements
of a claim to which there is no-evidence, shifting the burden to the nonmovant to come
forward with some evidence of the essential element or elements challenged in the
motion. Tex. R. Civ. P. 166a(i); Lampasas v. Spring Ctr. Inc., 988 S.W.2d 428, 436
(Tex. App.--Houston [14th Dist.] 1999, no pet.). If the nonmovant does not satisfy its
burden of producing some evidence on the challenged element or elements, then the
trial court must grant the motion covering all claims or defenses composed of the
challenged element or elements. Tex. R. Civ. P. 166a(i); Lampasas, 988 S.W.2d at
436. 

 A no-evidence summary judgment is essentially a pretrial directed verdict, and
this Court applies the same legal sufficiency standard in reviewing a no-evidence
summary judgment as applied in reviewing a directed verdict. See Valero Marketing
& Supply Co. v. Kalama Int'l, 51 S.W.3d 350, 351 (Tex. App.--Houston [1st Dist.]
2001, no pet.). We review the evidence in the light most favorable to the nonmovant,
disregarding all contrary evidence and inferences. Merrell Dow Pharmaceuticals, Inc.
v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). A no-evidence summary judgment is
improperly granted if the nonmovant brings forth more than a scintilla of probative
evidence to raise a genuine issue of material fact. Id. More than a scintilla of evidence
exists when the evidence "rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions." Id. 

Medical Malpractice Cause of Action

 In a medical malpractice cause of action, a plaintiff must prove by competent
testimony that the defendant's negligence proximately caused her injury. Duff v. Yelin,
751 S.W.2d 175, 176 (Tex. 1988). A plaintiff must establish: (1) a duty requiring the
physician to conform to a certain standard of care; (2) the applicable standard of care
and its breach; (3) an injury; and (4) a reasonably close causal connection between the
breach of the standard of care and the injury. Wheeler v. Aldama-Luebbert, 707
S.W.2d 213, 217 (Tex. App.--Houston [1st Dist.] 1986, no writ). In a medical
malpractice case, the existence of a breach of the standard of care and resulting
proximate cause must be established through expert testimony. Ocomen v. Rubio, 24
S.W.3d 461, 466 (Tex. App.--Houston [1st Dist.] 2000, no pet.). 

Causation

 In regard to causation, Delmonico argues that the deposition testimony of Dr.
Gold established a causal connection between Dr. Berry's breach of the standard of
care and her injury. Delmonico directs us to the following testimony of Dr. Gold: 

 [Mr. Muller]: All right. Now, and reasonably medically probably, if you
had treated it sooner, it wouldn't have gotten this bad? 


 [Dr. Gold]: Yes, sir.


 . . . 


 [Mr. Scherrer]: Okay, Can you say based on reasonable medical
probability if you had seen her on the 1st or 2nd of February whether the
outcome would have been different?


 . . . 


 [Dr. Gold]: Okay, I'm going to have to answer that question perhaps in an
unresponsive way. That at some point within the first - you know, from
the time that she coughed and her wound broke open, at that point in time
I think it would have been urgent to have her seen and treated. 

 And at that point in time, I think it's reasonably likely - medically
likely that intervention at that time might have lessened the subsequent
cause source - the subsequent events that occurred. 

(Emphasis added).

 In determining whether a fact issue exists regarding proximate cause, the general
rule is that proof of causation must go beyond a showing of a possibility that the
plaintiff's injuries arose from the defendant's negligence or lack of skill. Martin v.
Durden, 965 S.W.2d 562, 564 (Tex. App.--Houston [14th Dist.] 1997, writ denied). 
Mere speculation or conjecture is not sufficient to establish a causal connection
between the defendant's conduct and the plaintiff's injuries. Id. The plaintiff must
produce evidence establishing that there is at least a "reasonable medical probability"
that the defendant's alleged negligence caused the plaintiff's injuries. Moreover,
conclusory statements by an expert are insufficient to support or defeat a summary
judgment. Wadewitz v. Montgomery, 951 S.W.2d 464, 466 (Tex. 1997). An expert
must explain the basis of his statement to link his conclusions to the facts. Blan v. Ali,
7 S.W.3d 741, 745 (Tex. App.--Houston [14th Dist.] 1999, no pet.). 

 Here, Dr. Gold did not (1) identify what aspect of Delmonico's condition
deteriorated as a result of specific negligent acts; (2) explain how specific negligent
acts caused Delmonico's condition to deteriorate; or (3) specifically identify what
better outcome could have been produced by different actions. See id. at 748 (holding
statement by expert that prompt treatment of patient would more likely than not have
led to improved outcome was conclusory). 

 We hold that Dr. Gold's testimony on the element of causation did not rise above
the level of mere speculation and conjecture and was conclusory. Thus, his testimony
was insufficient to create a fact issue on the element of causation. See id. Because Dr.
Berry negated the element of causation, we need not address Delmonico's arguments
regarding a breach of the standard of care. 

 We overrule Delmonico's sole issue.

Conclusion

 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Jennings, Radack, and Price. (1)

Do not publish. Tex. R. App. P. 47.
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.