MEMORANDUM OPINION




No. 04-02-00729-CV



Nora ESPINOZA,


Appellant



v.



Lori ODNESS,


Appellee



From the 408th Judicial District Court, Bexar County, Texas


Trial Court No. 2000-CI-17260


Honorable David Berchelmann, Jr., Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Paul W. Green, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: April 2, 2003


AFFIRMED

 Nora Espinoza appeals the trial court's granting of Lori Odness's no-evidence motion for
summary judgment. Espinoza's former employer's worker's compensation insurance carrier, Saint
Paul Fire and Marine Insurance Company ("St. Paul"), filed suit against Odness in Espinoza's name.
St. Paul argues that it raised an issue of material fact by filing a business records affidavit sworn to
by its claims adjuster and that Odness's no-evidence motion for summary judgment was not
sufficient. We disagree, and affirm the trial court's judgment.

Background


 Espinoza and Odness were involved in an automobile accident. At the time of the accident,
Espinoza was acting within the scope of her employment with Corporate Express, Inc. and St. Paul
was Corporate Express's worker's compensation insurance carrier. St. Paul paid Espinoza's
medical bills and worker's compensation benefits. On December 1, 2000, St. Paul filed suit in
Espinoza's name against Odness to recover Espinoza's damages. The petition alleges that Odness's
negligent driving was the proximate cause of the accident.

 Odness filed an answer and served discovery requests on Espinoza on December 29, 2000.
St. Paul served responses in Espinoza's name on January 29, 2001. In response to most of the
discovery requests, St. Paul raised this objection: "Plaintiff . . . objects to this request for the reason
that this information about Nora Espinoza is not readily available to Plaintiff St. Paul Fire & Marine
Insurance Company or its attorneys, and is not within Plaintiff's custody, possession or control."
On March 27, 2001, Odness filed a motion asking the trial court to sanction St. Paul and to compel
Espinoza to answer the discovery requests. In response, St. Paul argued that, because it is the
subrogee of Espinoza's right to sue Odness, St. Paul is the real party in interest and can sue Odness
without Espinoza's cooperation or participation. The record reflects that the motion to compel was
set for a hearing on April 6, 2001, but does not indicate whether the trial court made a ruling. Later,
Odness noticed Espinoza's deposition on September 10, 2001 and April 15, 2002, and both times
Espinoza did not appear.

 On July 11, 2002, Odness filed a motion for summary judgment on the ground that there is
no evidence of one or more element of negligence, including duty, breach of duty, proximate cause,
or injury. The motion stated: "Defendant is entitled to summary judgment because of [St. Paul's]
refusal to offer any evidence from the named plaintiff, Nora Espinoza." St. Paul, acting in
Espinoza's name, filed a response to Odness's no-evidence motion for summary judgment. Attached
to the response was St. Paul's claims adjuster's business records affidavit with the claim file
attached. See Tex. R. Evid. 803(6) (creating an exception to the hearsay rule for records of regularly
conducted activity); id. 902(10) (providing for the self-authentication of business records when
accompanied by the records custodian's affidavit). The records custodian's affidavit stated that "it
was the regular course of business of St. Paul Fire & Marine Insurance Company for an employee
or representative of St. Paul Fire & Marine Insurance Company, with knowledge of the act, event,
condition, opinion, or diagnosis recorded to make the record . . . ." The claim file contained nearly
one thousand pages of Espinoza's medical records and benefits payment information. The trial court
granted Odness's no-evidence summary judgment motion and denied St. Paul's motion to reconsider.
St. Paul appeals, arguing that its claims adjuster's business records affidavit raised an issue of
material fact and that Odness's no-evidence motion for summary judgment was not sufficient.

Standard of Review


 On appeal, we review a no-evidence summary judgment de novo, viewing the evidence in
a light that tends to support the finding of the disputed fact and disregard all evidence and inferences
to the contrary. Minyard Food Stores, Inc. v. Goodman, 80 S.W.3d 573, 577 (Tex. 2002). A
no-evidence summary judgment motion is improperly granted when the respondent brings forth more
than a scintilla of probative evidence that raises a genuine issue of material fact. Gomez v. Tri City
Cmty. Hosp., Ltd., 4 S.W.3d 281, 283 (Tex. App.--San Antonio 1999, no pet.).

Summary Judgment Evidence and Sufficiency of Summary Judgment Motion


 "After adequate time for discovery, a party without presenting summary judgment evidence
may move for summary judgment on the ground that there is no evidence of one or more essential
elements of a claim or defense on which an adverse party would have the burden of proof at trial."
Tex. R. Civ. P. 166a(i). The rule requires that the motion specify the elements as to which there is
no evidence. Id. Furthermore, the "motion must be specific in challenging the evidentiary support
for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general
no-evidence challenges to an opponent's case." Id. 166a(i) cmt. 

 Once a no-evidence summary judgment motion is filed, the "court must grant the motion
unless the respondent produces summary judgment evidence raising a genuine issue of material
fact." Id. 166a(i). In its response, a party "is not required to marshal its proof; its response need only
point out evidence that raises a fact issue on the challenged elements." Id. 166a(i) cmt. To raise a
fact issue, a party must present summary judgment evidence: "affidavits . . . [which] shall be made
on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show
affirmatively that the affiant is competent to testify to the matters stated therein." Id. 166a(f).

 In this case, Odness filed her no-evidence summary judgment motion after allowing an
adequate time for discovery. Odness did not file her motion for summary judgment until July 11,
2002, after the discovery period had ended around October 29, 2001. See id. 190.3(b)(1)(B)(ii). The
discovery period ended nine months after January 28, 2001--the approximate due date of the first
written discovery requests. See id. The first responses to written discovery requests were due on that
date, thirty days after Odness filed her first written discovery requests with her answer on December
29, 2000. See, e.g., id. 196.2 (providing thirty days for responding to requests for production).
These time periods are based on the level two discovery plan time periods; because the petition did
not specify a discovery control plan, the level two rules apply by default. See id. 190.3(a). 

 Odness's no-evidence summary judgment motion listed all the elements of negligence and
did not allege a particular element of negligence as to which there is no evidence. A no-evidence
summary judgment motion that challenges all the essential elements of a claim is proper if it gives
the non-movant notice that she must come forward with evidence on all the challenged elements or
her claim will fail. See Lampasas v. Spring Center, Inc., 988 S.W.2d 428, 436-37 (Tex.
App.--Houston [14th Dist.] 1999, no pet.). In this case, the motion pointed out a deficiency--the
lack of any discovery from the named plaintiff, Espinoza--that applies equally to all the essential
elements of the negligence claim. Therefore, Odness's no-evidence motion for summary judgment
was sufficient.

 St. Paul's response, which included its claims adjuster's business records affidavit, does not
contain summary judgment evidence because the affidavit did not state that it was made on the
affiant's personal knowledge. See Tex. R. Civ. P. 166a(f); Laidlaw Waste Systems (Dallas) Inc. v.
City of Wilmer, 904 S.W.2d 656, 661 (Tex. 1995) (holding that an affidavit that did not state that it
was made on personal knowledge of the facts did not constitute summary judgment evidence).
Accordingly, St. Paul's response did not produce summary judgment evidence raising an issue of
material fact. The trial court properly granted Odness's no-evidence motion for summary judgment.

 

 Karen Angelini, Justice

Publish