Affirmed and Memorandum Opinion filed January 28, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00353-CV

___________________

 

KIMBERLY SILAS, Appellant

 

V.

 

ST. LUKE’S EPISCOPAL
PROPERTIES CORPORATION AND THE WOMEN’S SPECIALISTs OF HOUSTON, PLLC, Appellees



 



 

On Appeal from the 234th District Court

Harris County, Texas



Trial Court Cause No. 2006-30785

 



 

 

MEMORANDUM OPINION

Kimberly
Silas appeals from the trial court’s order granting no-evidence summary
judgment in favor of St. Luke’s Episcopal Properties Corporation and The
Women’s Specialists of Houston, PLLC (collectively “Defendants”).  Because the
dispositive issues are clearly settled in law, we issue this memorandum opinion
and affirm.  See Tex. R. App. P. 47.4.

 

I.   Background

            In May 2004, Silas was employed by LabCorp and was
working at an office leased by Women’s Specialists.  St. Luke’s owned the
property where the office was located.  Silas alleged that she entered a
bathroom at the office and “a metal air conditioning grate fell from the
ceiling and struck her violently on her right wrist, right arm and right
shoulder, causing severe and painful injuries . . . .”  Silas filed suit,
claiming that her injuries were caused by the Defendants’ negligence.  Silas
brought her claim against St. Luke’s under the doctrine of res ipsa loquitur,
alleging that the instrumentality causing her injuries was under the direct
control and management of St. Luke’s and the character of her accident was such
that it would not ordinarily occur absent negligence.  Silas pleaded in the
alternative the same res ipsa loquitur theory against Women’s Specialists.      

            The Defendants filed separate no-evidence motions
for summary judgment arguing in pertinent part that Silas’s claim was for
premises liability and there was no evidence they had actual or constructive
knowledge of any unreasonably dangerous condition.  Each Defendant also argued there
was no evidence to support it had control of the grate, an element of Silas’s res
ipsa loquitur theory.  In her responses to the Defendants’ motions, Silas
argued her claims were based in general negligence, not premises liability.  She
admitted that she possessed no evidence that either Defendant had actual or
constructive knowledge of the grate’s condition, and conceded that if “this is
a premises liability case, [she] cannot ever prevail on that theory.”  Instead,
Silas argued this is a “textbook” res ipsa loquitur case.  She asked for a
declaratory judgment regarding which Defendant had control of the grate or, if
declaratory judgment was not possible, for the jury to make such
determination.  Following a hearing on their motions, the Defendants filed a
joint reply to Silas’s response in which they further argued there was no
evidence to support res ipsa loquitur.  On January 7, 2008, the trial court
granted the Defendants’ motions, “because there is no evidence that the Defendants
had actual or constructive knowledge” or notice of any condition. 

II.   Analysis

In
a single issue, Silas argues that the trial court erred in finding that no
evidence supported her claim because the doctrine of res ipsa loquitur defeated
the Defendants’ motions.

In
a no-evidence motion for summary judgment, the movant “must state the elements as
to which there is no evidence.”  Tex. R. Civ. P. 166a(i).  If the movant has
identified specific elements she claims lack evidence, we must determine de
novo whether the non-movant has produced more than a scintilla of probative
evidence to raise a genuine issue of material fact.  Clearview Props., L.P.
v. Prop. Tex. SC One Corp., 287 S.W.3d 132, 137 (Tex. App.—Houston
[14th Dist.] 2009, pet. denied).

Silas alleged she sustained injury when a metal grate fell
from the ceiling and struck her.  The trial court implicitly found, and we
agree, that this allegation is grounded in a premises liability theory of
recovery.  See State
v. Shumake, 199
S.W.3d 279, 284 (Tex. 2006) (“A negligent activity claim requires that the
claimant’s injury result from a contemporaneous activity itself rather than
from a condition created on the premises by the activity; whereas a premises
defect claim is based on the property itself being unsafe.”).  One of the essential elements of proof
for premises liability is “actual or constructive knowledge of some condition on the premises by
the owner/operator.”  See Lowe’s Home Ctrs., Inc. v. GSW Mktg., Inc., 293
S.W.3d 283, 288 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).  The trial court granted summary
judgment because Silas presented no evidence supporting this element.  Silas
conceded that she did not present any evidence bearing on the Defendants’
knowledge of the premises’s condition.  Instead, she contends res ipsa loquitur defeats Defendants’
challenge.     

The doctrine of res ipsa loquitur permits a trier of fact to
base an inference of negligence on circumstantial evidence of negligence.  See
Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 435 (Tex. App.—Houston
[14th Dist.] 1999, no pet.).  However, the doctrine does not permit an
inference that the defendant had actual and constructive knowledge of a
condition on the premises.  See Parks v. Steak & Ale of Tex., Inc., No.
01-04-00080, 2006 WL 66428, at *2–3 (Tex. App.—Houston [1st Dist.] Jan. 12, 2006,
pet. denied) (mem. op.) (recognizing that the doctrine of res ipsa loquitur
does not satisfy plaintiff’s burden to supply evidence of defendant’s knowledge
of dangerous condition in premises-liability case); Aaron v. Magic Johnson
Theatres, No. 01-04-00426-CV, 2005 WL 2470116, at *5 (Tex. App.—Houston
[1st Dist.] Oct. 6, 2005, no pet.) (mem. op.).  Because Silas presented no
evidence supporting the claim that Defendants had knowledge of a defective
condition on their premises, Defendants were entitled to judgment as a matter
of law.  

We overrule Silas’s sole issue and affirm the judgment of the
trial court. 

 

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Sullivan.