**Juan Jose SOTO, et ux Maria Soto, Appellants,**

v.

**TEXAS INDUSTRIES, INC., and John Thomas Jones, Appellees.**

No. 2–90–218–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 27, 1991.

Rehearing Overruled Jan. 8, 1992.

Hooper & Evans and David L. Evans, Jeffrey H. Kobs and Carla Conner and the Dent Law Firm and Robert Haaslam, Fort Worth, for appellants.

Stradley, Schmidt & Wright and Mark E. Stradley and Ronald D. Wern, Dallas, for appellees.

Before JOE SPURLOCK, II, HILL and FARRIS, JJ.

## OPINION

HILL, Justice.

Juan Jose Soto and Maria Soto appeal from a take-nothing judgment in favor of John Thomas Jones and Texas Industries, Inc., the appellees. The Sotos contend in three points of error that the trial court erred in overruling their objections to defendants' discriminatory exercise of peremptory challenges; the trial court abused its discretion in failing to submit their requested special issue and instruction regarding *res ipsa loquitur;* and the jury's finding that Jones was not negligent is so against the great weight and preponderance of the evidence as to be manifestly unjust.

We affirm because error was not preserved as to the Sotos' complaint of the discriminatory exercise of peremptory challenges because no record was made of the voir dire examination; because the trial court did not abuse its discretion by failing to submit the Sotos' requested instruction on the doctrine of *res ipsa loquitur* since no showing was made that the falling of a wall such as the one in question does not ordinarily occur in the absence of negligence, such a fact is not within general knowledge, and we were not referred to an authoritative source in support of that proposition; and because the jury's answer of "no" to the question as to whether the negligence of John Jones was a proximate cause of the occurrence in question was not against the great weight and preponderance of the evidence.

The Sotos urge in point of error number one that the trial court erred in overruling their objections to defendants' exercise of peremptory challenges. Juan Soto is Mexi-can–American, unable to speak English. Both Mexican–Americans on the jury panel were struck by the appellees.

The Supreme Court of the United States has determined that the use of peremptory challenges to discriminate against potential jurors in a civil case because of their race is a violation of the excluded juror's right to equal protection, a right that may be asserted by the party not exercising the peremptory challenges. *Edmonson v. Leesville Concrete Co.,* —— U.S. ——, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991); *see also Powers v. Palacios,* 813 S.W.2d 489 (Tex.1991) (per curiam).

The trial court held a hearing at which counsel for Jones and Texas Industries gave their reasons for striking the two jurors. Counsel for Jones and Texas Industries stated to the court that one juror, Mr. DelRio, was struck because he had been a juror in a personal injury case in which the jury gave the plaintiff most of what he asked for. Counsel for R.B. Camp Erection Service, Inc., a party that was nonsuited prior to the case's submission to the jury, stated that Mr. DelRio was struck because he had a sister who worked for Texas Industries.

Counsel for Jones and Texas Industries stated that another juror, a Mrs. McAnally, was struck because she had insurance with Aetna and because he wanted to get on down the list to some of the other jurors that he thought would be good jurors. Counsel for R.B. Camp stated that there was a concern about Mrs. McAnally's background and her husband's background at General Dynamics because of the work involved.

When counsel for plaintiff pointed out that another juror worked for General Dynamics and her husband also worked there, counsel for R.B. Camp replied that Mrs. McAnally was involved in statistical analysis where engineers were designing and preparing specifications to be used by follow-up people in the construction process. He stated that a big part of the case was going to be concerned about the fact that

his client followed engineering and technical designs and plans. He said that Mrs. McAnally's husband is an engineer at General Dynamics.

A counsel for Soto stated that there were other engineers on the panel that were not struck and named one in particular. He further said that no evidence had been developed during discovery about any statistical analysis.

■ The voir dire examination of the veniremembers was not preserved for our review. The trial court overruled the Sotos' *Batson* [1] objection, making no findings as to whether the counsel's peremptory challenges were based on race. The Sotos did not request such findings.

The Texas Court of Criminal Appeals has held that in criminal cases the circumstances of the voir dire is one of the factors relevant to the trial court's determination. *Whitsey v. State,* 796 S.W.2d 707, 716 (Tex. Crim.App.1989). The questioning of the jurors at voir dire is listed in that opinion as one of the factors this court is to consider in determining the propriety of the trial court's ruling on appeal. *Id.* at 714. We would hold that the circumstances of the voir dire is also one of the factors to be considered by the trial court and this court in determining issues relating to the propriety of peremptory strikes in light of *Batson* and *Edmonson* in civil cases. Because the voir dire constitutes a part of what is to be considered by the trial court and this court, and because no record has been made of the voir dire, the Sotos present nothing for our review with respect to their *Batson* complaint. We overrule point of error number one.

■ The Sotos contend in point of error number two that the trial court abused its discretion in failing to submit their requested special issue and instruction regarding *res ipsa loquitur.*

Mr. Soto was injured at a construction site when he was hit by a collapsing concrete wall. There was some testimony that the wall was pulled down by a Texas Industries concrete truck when its chute became hooked onto a brace holding up the wall.

The Sotos sought to have the trial court submit to the jury a question that asked if the collapse of the wall was due to the negligence of Texas Industries, Inc. The Sotos' question included an instruction that the jury might infer negligence if the jury found that the character of the accident was such that it would not ordinarily happen in the absence of negligence, and if the jury found that the instrumentality causing the accident was under the management and control of Texas Industries, Inc. at the time the negligence, if any, causing the accident probably occurred. Instead of submitting the Sotos' requested question and instruction, the trial court asked the jury if the occurrence in question was proximately caused by the negligence of John Jones, the driver of the cement truck, or Juan Soto. The jury answered "no" as to both John Jones and Juan Soto.

■ The doctrine of *res ipsa loquitur* is applicable when the character of the accident is such that it would not ordinarily occur in the absence of negligence and the instrumentality causing the injury is shown to have been under the management and control of the defendant. *Mobil Chemical v. Bell,* 517 S.W.2d 245, 251 (Tex.1974). In order to rely on the doctrine, the plaintiff must produce evidence from which the jury can conclude, by a preponderance of the evidence, that both the "type of accident" and "control" factors are present. *Id.* at 252.

Robert Camp testified that he has been in the steel erection business since 1954, and that his business includes putting up walls like those in question. He testified that if such a wall is properly braced, it ordinarily does not fall. He said that other than hitting the braces on the wall that such a wall might fall due to high wind, vandalism, or the collapse of the foundation beneath it. He did not testify, nor did any other witness, that the collapse of such a wall is an event that does not ordinarily happen in the absence of negligence.

1. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Although in some cases the plaintiff can rely upon general knowledge to prove that the accident in question is the type of accident that does not ordinarily happen in the absence of negligence, expert testimony is admissible and may be necessary to the plaintiff's case. *Mobil Chemical Company*, 517 S.W.2d at 252.

Because the Sotos presented no expert knowledge that concrete walls do not ordinarily fall in the absence of negligence, the issue is whether that fact falls within general knowledge. We have no basis for inferring such general knowledge and we have not been referred to any source whose accuracy cannot be reasonably questioned in support of such an inference. *See* TEX.R.CIV.EVID. 201 and *City of Wichita Falls v. Alvarado*, 802 S.W.2d 424, 427 (Tex.App.—Fort Worth 1991, writ denied). Consequently, we hold that the trial court did not abuse its discretion in failing to submit a *res ipsa loquitur* instruction.

The Sotos contend that they presented evidence that such a wall does not ordinarily fall in the absence of negligence. They refer to Mr. Camp's testimony that it would require a lot of force to knock down the supporting braces, and that a concrete truck would be strong enough to bend or break a brace and pull the wall down. We do not find that such testimony establishes that such a wall does not ordinarily fall in the absence of negligence. Considering Mr. Camp's testimony as a whole, we find that it shows just the opposite, that sometimes such walls do fall in the absence of negligence. We overrule point of error number two.

The Sotos argue in point of error number three that the jury's answer of "no" in response to the question asking if John Jones' negligence proximately caused the occurrence in question is so against the great weight and preponderance of the evidence as to be manifestly unjust.

We must consider and weigh all of the evidence, both the evidence that tends to prove the existence of a vital fact, as well as evidence that tends to disprove its existence. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (per curiam); *Ford Motor Co. v. Nowak*, 638 S.W.2d 582, 585 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). If a jury finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the point should be sustained, regardless of whether there is some evidence to support it. *Watson v. Prewitt*, 159 Tex. 305, 320 S.W.2d 815, 816 (1959) (per curiam); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951) (per curiam).

Tomas Pena testified that he was present when Soto was injured. Pena acknowledged that he is a friend of the Sotos and that his brother is a brother-in-law to the Sotos. He said that on the occasion in question he was below the wall in the ditch while Soto was above on the floor. He testified that the walls and braces were in place. He asserted that the truck driver went forward without anyone telling him to, and that when the truck moved, the wall started moving. He admitted that he did not see the truck hit the wall. He did testify that when he lifted his head up, as the wall was starting to fall, he saw where the chute was holding onto the wall brace. He mentioned that two additional witnesses were in Mexico. He further testified that he sees the Sotos every day.

John Jones, the driver of the cement truck, testified that after Soto had told him he could leave the site after delivering his concrete, he heard yelling and saw the wall falling. He said that at that time he had not yet put the truck in gear, and that it had not moved an inch. He said that he had locked the chute in the middle. He also testified that he did not believe it was windy on the day this occurred and that he did not know what caused the wall to fall.

Juan Soto testified that he was stooped over putting the concrete out and that when he got up the truck was moving forward and the brace was hooked to the concrete delivery chute at the back of the concrete truck. He acknowledged that he did not see the chute hit the brace, but said that he saw the brace bending and the chute was hooked onto it. He also insisted that Jones moved the truck without his telling him to do so. He testified that

Jones left the chute loose, where it would swing from side to side. Mr. Soto also testified that he did not see Jones move the truck.

John Jones, the driver of the concrete truck, testified clearly and unequivocally that he did nothing to cause the wall to fall, particularly that he did not move the cement truck. The jury, as the trier of fact, could have chosen to believe him and disbelieve the testimony of Soto and Pena to the contrary. We hold that the jury's verdict was not against the great weight and preponderance of the evidence. We overrule point of error number three.

The judgment is affirmed.