

# NUMBER 13-11-00148-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

JAMES R. KARNEI,                                                    Appellant,

v.

ROGER CAMACHO,                                                      Appellee.

_____

### On appeal from the 267th District Court
### of Goliad County, Texas.

_____

# MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant James R. Karnei appeals the trial court's take-nothing judgment entered in favor of appellee Roger Camacho. Karnei sued Camacho, who owned a neighboring property, alleging Camacho's negligence caused a fire that destroyed

Karnei's barn. By three issues, Karnei argues the trial court reversibly erred by (1) failing to instruct the jury on *res ipsa loquitur*; (2) awarding court costs to Camacho in the judgment; and (3) refusing to enter judgment nunc pro tunc deleting the award of court costs to Camacho. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Karnei and Camacho owned adjacent properties in Goliad County. Karnei raised cattle and maintained a simple barn on his property, but lived elsewhere. Camacho lived on his property and sometimes borrowed Karnei's tractor from Karnei's barn. The barn did not have electricity or electrical wiring. The tractor was over twenty years old, but worked properly.

One afternoon, after returning home from work, Camacho borrowed Karnei's tractor and shredder to shred a field on Camacho's property. Karnei was not present. After using the tractor, Camacho swept the dead grass off the top of the shredder, returned the tractor and shredder to Karnei's barn, and walked back to his property. Approximately fifteen or twenty minutes later, he observed some smoke escaping from Karnei's barn. Camacho ran to the barn and, once inside, saw a flame on the ground in front of the tractor.[1]

Using his truck, Camacho tried to pull the tractor from the barn to keep it from burning, but after he heard one of the front tires pop from the heat, he abandoned this effort. Having realized he had left his cellular phone at home, Camacho started to run from the barn and saw a man sitting in a car at the entrance of Camacho's property.

---

[1] The record does not indicate whether this description reflects the full extent of the fire at the time Camacho entered the barn.

The man told him that he had already called 9-1-1. Other than the man in the car, Camacho was the only person known to be in the vicinity of the barn. The fire destroyed the barn and its contents.

Camacho testified he periodically burned trash on his property, but more frequently hauled it away for disposal. Camacho had not burned anything on his property for at least a week or two before the barn fire. Camacho believed one of the three fire trucks parked on top of his fire pit when firefighters arrived to respond to the fire.

Alonzo Morales, Chief of the Goliad Fire Department, led the fire investigation. Chief Morales testified that the cause of the fire was undetermined, but that no known "human factors" contributed to the fire. Chief Morales did not see a fire pit or a smoldering fire at the scene that would have suggested recent burning by Camacho.

## II. ANALYSIS

### A. Did the Trial Court Erroneously Deny Karnei's Requested Jury Instruction?

By his first issue, Karnei argues the trial court erred by not instructing the jury on *res ipsa loquitur*, despite Karnei's timely request for such an instruction. We review a trial court's decision to deny a requested jury instruction on *res ipsa loquitur* for an abuse of discretion. *Trans Am. Holding, Inc. v. Market-Antiques & Home Furnishings, Inc.*, 39 S.W.3d 640, 649 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). In *res ipsa loquitur* cases "[s]ound exercise of this discretion is particularly important . . . in order to accommodate the wide range of situations which can arise . . . ." *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 256 (Tex. 1974).

*Res ipsa loquitur,* meaning "the thing speaks for itself," is used in certain limited types of cases when the circumstances surrounding an accident constitute sufficient evidence of the defendant's negligence to support such a finding. *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990) (citing *Mobil Chem. Co.,* 517 S.W.2d at 250 and *Marathon Oil Co. v. Sterner*, 632 S.W.2d 571, 573 (Tex.1982)). For example, the phrase was used in an early common law case in discussing a barrel of flour which fell from the defendant's window. *See Mobil Chem. Co.*, 517 S.W.2d at 250 (citing *Byrne v. Beadle*, 2 H. & C. 722, 159 Eng. Rep. 299 (Ex. 1863)). *Res ipsa loquitur* is simply a rule of evidence by which negligence may be inferred by the jury; it is not a separate cause of action from negligence. *Id.*

To rely on *res ipsa loquitur* the plaintiff must produce evidence from which the jury can conclude, by a preponderance of the evidence, that: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury was under the management and control of the defendant. *Mobil Chem. Co.*, 517 S.W.2d at 251–52; *see also Marathon Oil Co. v. Sterner,* 632 S.W.2d at 573. "This is not so much a rule of law as it is a rule of logic—unless these factors are present, the jury cannot reasonably infer from the circumstances of the accident that the defendant was negligent." *Mobil Chem. Co.*, 517 S.W.2d at 252.

In this case, there was no evidence of the cause of the barn fire, and as a result, neither *res ipsa* factor was satisfied. In *Lampasas v. Spring Center, Inc.*, the Fourteenth Court of Appeals addressed whether there was sufficient evidence to show *res ipsa loquitur* in a fire case, so as to allow the plaintiff to survive a no-evidence challenge in a

4

negligence suit.  988 S.W.2d 428, 435 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

In *Lampasas*, the record contained no evidence of the cause of a warehouse fire.  *Id.* at

431, 434–35.  The investigators' reports indicated the cause of the fire was unknown.

*Id.* at 435.  Noting that fires originate from many sources that may or may not involve

someone's negligence, the court concluded appellant had not demonstrated the

character of the fire was such that it would not ordinarily occur in the absence of

negligence.  *Id.*  As to the second *res ipsa* factor, the court concluded under the facts

presented, there was no evidence that the instrumentality that caused the fire was

under the management and control of the defendants.  *See id.*

In *Trans America*, a case involving a fire attributed to the defendant's Christmas

tree lights, the First Court of Appeals addressed whether the plaintiffs presented

sufficient evidence of the first *res ipsa* factor as to be entitled to a jury instruction on *res

ipsa loquitur*.[2]  *Trans Am. Holding, Inc.*, 39 S.W.3d at 648–50.  Specifically, the parties

disagreed regarding whether the plaintiffs met their burden to show the fire was the sort

of accident that occurs only with negligence.  *Id.* at 649.

The *Trans America* court emphasized that under the first factor, the focus is on

the nature of the injury rather than on the defendant's conduct.  *Id.*  *Res ipsa loquitur* is

generally inapplicable when (1) the plaintiff cannot rely on general knowledge to show

the accident would not occur without negligence; and (2) the plaintiff has not produced

expert testimony that the injury ordinarily does not occur without negligence.  *Id.*; *see

also Mobil Chem. Co.*, 517 S.W.2d at 252.  The *Trans America* court concluded that

---

2  In *Trans America*, the parties agreed the second *res ipsa* factor was satisfied because the instrumentality that caused the fire was under the defendant's sole management and control at the time of the fire.  *Trans Am. Holding, Inc. v. Market-Antiques & Home Furnishings, Inc.*, 39 S.W.3d 640, 649 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).

because the plaintiffs did not show there is general knowledge that the type of fire could not occur without negligence and because none of the plaintiffs' experts testified that the fire could not have started without negligence, they failed to establish the first factor—namely, that the fire was of such a character that the defendant's negligence could be inferred from the nature of the injury. *Id.* at 649–50.

In this case, as in *Lampasas* and *Trans America*, there is no basis for inferring general knowledge that the barn fire could not have occurred without negligence. Fire Chief Morales gave the only expert testimony. However, he testified that the cause of the fire was unknown, and he concluded "human factors" were not the cause of the fire. Thus, Karnei did not show the first *res ipsa* factor by a preponderance of the evidence. *See id.* at 650; *see also Soto v. Tex. Indus., Inc.*, 820 S.W.2d 217, 220 (Tex. App.—Fort Worth 1991, no writ) (concluding trial court's denial of *res ipsa* jury instruction was not an abuse of discretion when the court had no basis to infer general knowledge that concrete walls do not ordinarily fall down in the absence of negligence, where plaintiffs presented no expert testimony on this point); *Lampasas*, 988 S.W.2d at 435.

As to the second *res ipsa* factor, there is no evidence in the record as to what instrumentality actually caused the fire, and therefore there is no evidence to support the conclusion that the fire-causing instrumentality was under Camacho's management and control. *See Lampasas*, 988 S.W.3d at 435; *see also Oliver v. Hutson*, 596 S.W.2d 628, 631 (Tex. App.—Amarillo 1980, writ ref'd n.r.e.) (concluding that although cigarette was identified as instrumentality that caused vinyl chair to ignite, plaintiff failed to present evidence that defendants, as opposed to several other persons in their home, left the cigarette in a place where it would cause a fire). Because there was no

6

evidence in the record to support a jury instruction on *res ipsa loquitur*, the trial court did not abuse its discretion when it denied Karnei's requested instruction.[3]  Karnei's first issue is overruled.

## B. Should the Trial Court Have Deleted the Award of Court Costs to Camacho?

By his second issue on appeal, Karnei complains that the trial court erroneously awarded Camacho court costs in its take-nothing judgment.  Specifically, Karnei argues that because the judge who signed the take-nothing judgment is not the same judge who presided over the jury trial, the judge who signed the judgment lacked authority to award Camacho court costs.

Generally, more than one judge may exercise authority over a single case.  *Davis v. Crist Indus., Inc.,* 98 S.W.3d 338, 343 (Tex. App.—Fort Worth 2003, pet. denied) (holding that visiting judge did not have exclusive authority to try case which would have precluded sworn and elected judge from sitting on final days of trial); *see also* TEX. CONST. art. V, § 11 (district judges may exchange districts or hold court for each other when they deem it expedient).  Texas Rule of Civil Procedure 330(g), entitled "Judge May Hear Only Part of Case," provides:

> When in such counties there are two or more district courts having civil jurisdiction, any judge may hear any part of any case or proceeding pending in any of said courts and determine the same, or may hear and determine any question in any case, and any other judge may complete the hearing and render judgment in the case.

---

[3] The trial court included a circumstantial evidence instruction in the jury charge.  In *Nichols v. Copeland*, the Fifth Court of Appeals held that the plaintiff could not have been harmed by the omission of a *res ipsa loquitur* instruction because the jury was expressly instructed that it could infer negligence from circumstantial evidence.  *Nichols v. Copeland,* No. 05-99-01233, 2001 Tex. App. LEXIS 4761, at *6–7, 2001 WL 800112, at *2 (Tex. App.—Dallas July 17, 2001, pet. denied) (not designated for publication); *see also Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 256 (Tex. 1974).

7

TEX. R. CIV. P. 330(g).

Here, the parties do not dispute that the trial court did not receive evidence on the issue of costs. Thus, this case does not present a situation in which the judge who signed the judgment purported to exercise judicial authority to render judgment without hearing the evidence presented. *See Fid. & Guar. Life Ins. Co. v. Pina*, 165 S.W.3d 416, 421 (Tex. App.—Corpus Christi 2005, no pet.) (discussing, in the context of Texas Rule of Civil Procedure 18, a trial judge's lack of authority to render judgment when he has not heard the evidence); *2900 Smith, Ltd. v. Constellation NewEnergy, Inc.*, 301 S.W.3d 741, 744 n.6 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (same); *see also Hot–Hed, Inc. v. Safehouse Habitats (Scotland), Ltd.,* 333 S.W.3d 719, 734 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (holding that attorney's-fees award in final judgment was proper, where parties stipulated to amount of fees, even though judge who signed final judgment did not preside at trial because trial was to jury, and trial court did not have to determine any facts before entering judgment). Rather, as demonstrated by their briefing, the parties agree that with regard to costs, the court's role is to determine which party bears those costs, not to adjudicate their amount or correctness. *See Wright v. Pino*, 163 S.W.3d 259, 261 (Tex. App.—Fort Worth 2005, no pet.) (discussing the trial court's role in awarding court costs to a successful party).

The inclusion of specific items taxed as costs is a ministerial duty performed by the clerk. *See id.*; *see also* TEX. R. CIV. P. 149, 622. Texas Rule of Civil Procedure 131 provides that "the successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." TEX. R. CIV. P. 131. A defendant who obtains a take-nothing judgment is considered a "successful party" under Rule 131.

8

*See Midwest Med. Supply Co. v. Wingert*, 317 S.W.3d 530, 539 (Tex. App.—Dallas 2010, no pet.); *Imperial Lofts, Ltd. v. Imperial Woodworks, Inc.*, 245 S.W.3d 1, 8 (Tex. App.—Waco 2007, pet. denied). Generally, a trial court abuses its discretion if it does not award costs to a prevailing party after granting a final summary judgment. *See Tex. River Barges v. City of San Antonio*, 21 S.W.3d 347, 358 (Tex. App.—San Antonio 2000, pet. denied) (holding trial court abused its discretion by not awarding prevailing party in final summary judgment its costs without an explanation).

Here, there is nothing in the record that shows the normal procedure for awarding and collecting costs was not followed in this case. The record shows that after the trial court awarded costs in its judgment, Camacho's attorney prepared and filed a list of costs supported by receipts documenting the costs. Thereafter, the court's clerk made and entered a certified Bill of Costs. Still, Karnei argues that the second judge could not include an award of costs in the absence of a ruling by the first judge on the issue of costs. But Karnei does not cite any relevant legal authority that supports this position and does not make any argument for the extension of existing law.[4]  *See* TEX. R. APP. P. 38.1; 895–96 (Tex. App.—Dallas 2010, no pet.) (explaining that an appellant must provide citations to legal authority that supports his contentions on appeal).

Karnei also failed to timely raise this issue in the trial court. To preserve a complaint for appellate review, a party must show he timely made the complaint to the trial court. TEX. R. APP. P. 33.1. In this case, Karnei approved the form of Camacho's proposed judgment which awarded Camacho court costs. Karnei's counsel signed the

---

[4] Karnei admits in his brief that he has not found any controlling law that supports his second issue.

proposed judgment "approved as to form," and it was submitted to the trial court.  Karnei timely filed a motion for new trial in which he complained the trial court erred in not instructing the jury on *res ipsa loquitur*.  However, Karnei's motion for new trial was silent on the issue of court costs.  Karnei's motion for new trial was overruled by operation of law on the seventy-sixth day after the date the trial court's judgment was signed.  *See* TEX. R. CIV. P. 329b (c); *Thomas v. Oldham*, 895 S.W.2d 352, 356 (Tex. 1995).  The trial court's plenary power over the case expired thirty days thereafter.  *See* TEX. R. CIV. P. 329b (e); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000).

Karnei subsequently filed a motion in which he first raised his complaint concerning the award of court costs.  In this motion, Karnei asked the trial court to modify the judgment by deleting the award of court costs or in the alternative, to grant relief nunc pro tunc.  By the time Karnei sought this modification of the judgment, however, the trial court's plenary power to modify its judgment had already passed and the trial court no longer had jurisdiction over the case.  As a result, Karnei waived this complaint because he failed to timely raise it in the trial court.  *See* TEX. R. APP. P. 33.1; *Clewis v. Safeco, Ins. Co.*, 287 S.W.3d 197, 203 (Tex. App.—Fort Worth 2009, no pet.) (proceedings related to the trial court's judgment after its plenary power has expired are beyond the trial court's jurisdiction); *Barton v. Gillespie*, 178 S.W.3d 121, 126 (Tex. App—Houston [1st Dist.] 2005, no pet.) (explaining that a trial court cannot correct a non-clerical error in its judgment after its plenary power has expired).  Karnei's second issue is overruled.

10

By his third issue, Karnei argues the trial court erred by not granting his alternative motion for judgment nunc pro tunc. In this post-trial motion, Karnei asked the trial court to delete the award of court costs in the judgment, even after the trial court's plenary power over the case expired, by treating the error as a mere clerical error. The trial court conducted an oral hearing on the propriety of the award of court costs and denied Karnei's motion for judgment nunc pro tunc. A party is not permitted to appeal a trial court's denial of a motion for judgment nunc pro tunc because such an order is not a final judgment. *Shadowbrook Apts. v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990) (per curiam). Accordingly, Karnei's third issue is overruled.

## III. CONCLUSION

We affirm the trial court's judgment.

_____
GREGORY T. PERKES
Justice

Delivered and filed the
26th day of January, 2012.

11