**Affirmed and Opinion Filed March 11, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00004-CV

**ADAM WELLS, Appellant**
**V.**
**SOUTHWESTERN BELL TELEPHONE COMPANY, D/B/A AT&T TEXAS, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-04131**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Nowell
Opinion by Justice Nowell

Adam Wells filed a negligence claim against Southwestern Bell Telephone Company d/b/a AT&T Texas. Wells alleged he was injured because AT&T failed to exercise reasonable and ordinary care while working with insulated wire on or near a utility pole and powers lines. AT&T filed a no-evidence motion for summary judgment, which the trial court granted. Wells alleges the trial court erred in granting AT&T's motion for summary judgment because (1) expert testimony is not required to prove AT&T's negligence and (2) Wells was not given adequate time for discovery. We affirm the trial court's judgment.

## Background

On April 1, 2019, an AT&T employee was working at 5104 South Drive in Fort Worth, Texas when he threw a Johnny ball attached to a 20-gauge copper insulated wire over a tree, attempting to pull the cable over it. The throw overshot the tree, and as indicated in the Oncor "Primary Contact Information Sheet," the Johnny ball "actually went over top hot leg of open wire" section and contacted a chain link fence "energizing [the] fence." At the same time, Wells was leaning on a chain-link fence at 5116 South Drive. He heard a "loud pop" in the power lines above him and felt a shock run through his body.

Wells originally filed a negligence suit against Oncor Electric Delivery Company, LLC and DirectTV, LLC. He subsequently filed a first amended original petition naming AT&T as the proper party and nonsuited DirectTV from the case. Oncor filed a no-evidence motion for summary judgment alleging, in part, that Wells failed to provide expert testimony establishing a duty of care, the alleged breach of any such duty, or that any breach proximately caused Wells's injury. AT&T joined, adopted, and incorporated by reference Oncor's no-evidence motion for summary judgment. Wells responded, in part, that expert testimony was unnecessary under these facts because a layperson could understand AT&T's actions were negligent. He also nonsuited Oncor from the case.

After a hearing, the trial court granted AT&T's no-evidence motion. Wells's motion for new trial was denied by operation of law, and this appeal followed.

**Discussion**

Wells challenges the no-evidence summary judgment dismissing his negligence claim against AT&T. His arguments raise several sub-issues, which we will address in turn.

A party may obtain a no-evidence summary judgment when "there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166(a)(i). A properly filed no-evidence motion shifts the burden to the nonmovant to present evidence raising a genuine issue of material fact supporting each element contested in the motion. *Id.*; *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). A "no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (citing TEX. R. CIV. P. 166(a)(i)). When a trial court does not state the specific grounds on which it granted summary judgment, we will affirm if any of the theories advanced are meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

To establish negligence, a plaintiff must show (1) the defendant owed a legal duty to the plaintiff, (2) they breached that duty, and (3) damages proximately resulted from the breach. *Schwartz v. City of San Antonio ex rel. City Pub. Serv. Bd. of San Antonio*, No. 04-05-00132-CV, 2006 WL 285989, at *3 (Tex. App.—San Antonio Feb. 8, 2006, pet. denied) (mem. op.). Whether expert testimony is required

–3–

to establish an element of a claim is a question of law we review de novo. *Tamez*, 206 S.W.3d at 583.

Expert testimony is required when "the alleged negligence is of such a nature as not to be within the experience of the layman." *FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 90 (Tex. 2004). In determining whether expert testimony is required, Texas courts consider whether the conduct at issue involves the use of specialized equipment and techniques or knowledge of specialized industry practices and procedures. *Id.* at 91. Where expert testimony is required, the plaintiff must present evidence on both the standard of care and the violation of that standard. *Rodriguez v. CenterPoint Energy Houston Elec., LLC*, No. 14-16-00867-CV, 2018 WL 5261246, at *5 (Tex. App.—Houston [14th Dist.] Oct. 23, 2018, no pet.) (mem. op.).

According to Wells, expert testimony is unnecessary "to aid the factfinder in understanding that throwing wire over electrical lines while the wire is touching a chain link fence is dangerous—this is not outside a layperson's common sense, knowledge, or understanding."

Wells alleged AT&T acted negligently by:

a. failing to properly service the communication lines while working at or near the utility pole and/or power lines at or near the Property in question;

b. creating a hazardous and dangerous condition;

c. failing to warn of a hazardous and dangerous condition it created;

d. failing to take reasonable steps and precautions to prevent the risk of harm to Adam Wells;

e. failing to adhere to its own line management policies and procedures;

f. failing to use ordinary care to reduce or eliminate an unreasonable risk of harm created by the condition Defendants knew about, or in the exercise of ordinary care should have known about;

g. failing to adhere to applicable industry standards and practices in working with or around the utility pole and/or electric power lines or electrical wiring at or near the Property;

h. failing to follow and adhere to applicable local and national electrical codes in working with or around the utility pole and/or electric power lines or electrical wiring at or near the Property; and/or

i. failing to properly train, hire, supervise, or retain its employees, agents, and/or representatives; and

j. failing to act as an ordinary prudent communication provider would act under the same or similar circumstances.

"Expert testimony is required to establish the standard of care that a utility owes and any breach of that duty." *City of Austin v. Lopez*, 632 S.W.3d 200, 218 (Tex. App.—Austin 2021, pet. denied) (citing *Schwartz*, 2006 WL 285989, at *4). The appropriate practices and procedures of a utility company, including applicable industry standards, proper service of communication lines while working at or near a utility pole and/or power lines, and proper training and supervision of utility employees, specifically while installing or working on cable lines, are not within a layperson's general knowledge.

Here, proving the standard of care required consideration of how a utility functions, some knowledge of electricity, and how AT&T's equipment operates. *See, e.g.*, *Rodriguez*, 2018 WL 5261246, at *5. Such techniques and concepts are unfamiliar and not within the common knowledge of the ordinary person. *See Schwartz*, 2006 WL 285989, at *4. Thus, Wells was obligated to present expert testimony discussing the appropriate standard of care and whether AT&T's conduct met that standard. Because Wells did not provide expert testimony, there was no evidence of an essential element of his negligence claim.

In reaching this conclusion, we reject Wells's reliance on the doctrine *of res ipsa loquitur* to overcome the need for expert testimony. We first question whether Wells timely raised the *res ipsa loquitur* issue. Wells did not assert the applicability of the doctrine in his pleadings or in response to AT&T's no-evidence motion for summary judgment. Instead, he raised it for the first time in his motion for new trial. However, assuming the issue was properly before the trial court, we conclude it is not applicable to this case. *See Ahuta v. Little*, No. 05-06-01430-CV, 2007 WL 2325524, at *1 (Tex. App.—Dallas Aug. 14, 2007, no pet.) (mem. op.) (questioning whether *res ipsa loquitur* issue preserved when raised for the first time in motion for new trial but concluding it did not apply after addressing argument).

*Res ipsa loquitur*, or "the thing speaks for itself," is an evidentiary rule which allows negligence to be inferred from the circumstances surrounding an injury. *Id.* at *2. The doctrine applies in certain limited types of cases when the circumstances

surrounding the accident constitute sufficient evidence of the defendant's negligence to support such a finding. *Id.* "Only in extraordinary circumstances does the mere occurrence of the accident so strongly compel a conclusion that the defendant was negligent that the jury could not reasonably find otherwise." *Schwartz*, 2006 WL 285989, at *4 (quoting *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 252 (Tex. 1974)).

*Res ipsa loquitur* is applicable only when the following two factors are present: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury was under the exclusive management and control of the defendant. *Id.* at *5. To rely on the doctrine, the plaintiff must produce evidence that both the "type of accident" and "control" factors are present. *Id.*

Wells claims the doctrine of *res ipsa loquitur* applies because, "[s]imply put, people don't just get electrocuted while standing in their backyard near a chain link fence." As such, Wells argues that no expert testimony was necessary to show that AT&T was negligent. We disagree.

Wells did not present any evidence that if a fence is electrified, the utility company must necessarily be negligent. *See id.* As discussed previously, the appropriate practice and procedures of a utility company and the applicable standards of care when working at or near utility poles or power lines, are not within a person's general knowledge. Therefore, we cannot say, without expert testimony, that simply because the fence was electrified, AT&T must have been negligent. *Id.*

–7–

(concluding res ipsa loquitur did not apply because no evidence that because fence was electrified, City Public Service must have necessarily acted negligently); *Soto v. Tex. Indus., Inc.*, 820 S.W.2d 217, 219 (Tex. App.—Fort Worth 1991, no writ) (holding trial court did not abuse its discretion in denying a *res ipsa loquitur* instruction when plaintiff "presented no expert knowledge that concrete walls do not ordinarily fall in the absence of negligence" and general knowledge could not support that contention). Because the doctrine of *res ipsa loquitur* does not apply, the trial court properly granted AT&T's no-evidence motion for summary judgment on AT&T's negligence claim.

Wells also argues the trial court erred by granting the no-evidence motion for summary judgment on his gross negligence claim. However, "[a] finding of negligence is a prerequisite to a finding of gross negligence." *See Arana v. Figueroa*, 559 S.W.3d 623, 634 (Tex. App.—Dallas 2018, no pet.); *see also McClure v. Denham*, 162 S.W.3d 346, 353–54 (Tex. App.—Fort Worth 2005, no pet.) (affirming summary judgment on negligence, negligence per se, and gross negligence claims because appellant provided no evidence appellee owed appellant any duty). Because Wells provided no evidence of an essential element of his negligence claim, the trial court properly granted AT&T's no-evidence motion for summary judgment on his gross negligence claim.

Finally, Wells argues the trial court abused its discretion by granting summary judgment before an adequate time for discovery had passed. Appellee responds

–8–

Wells did not diligently pursue discovery and, alternatively, Wells waived his issue because he did not file a verified motion for continuance.

Rule 166a(i) does not require the discovery period end before the trial court may grant a no-evidence summary judgment. *Rest. Teams Int'l, Inc. v. MG Secs. Corp.*, 95 S.W.3d 336, 339 (Tex. App.—Dallas 2002, no pet.). Instead, the rule merely requires "adequate time" for discovery. *Id.* (citing rule 166a(i)). When a party contends it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex.1996); *Brown v. Brown*, 145 S.W.3d 745, 749 (Tex. App.—Dallas 2004, pet. denied). We review a trial court's ruling that there has been adequate time for discovery for an abuse of discretion. *Gilford v. Tex. First Bank.*, No. 01-13-00384-CV, 2014 WL 3408698, at \*7 (Tex. App.—Houston [1st Dist.] July 10, 2014, pet. denied) (mem. op.).

Here, Wells requested a continuance to complete additional discovery, as alternative relief, in his summary judgment response. He neither filed an affidavit explaining the need for further discovery, nor a verified motion for continuance. *See Tenneco, Inc.*, 925 S.W.2d at 647. Therefore, Wells waived his argument regarding an adequate time for discovery and cannot show the trial court abused its discretion by ruling on the motion. *Flores v. Flores*, 225 S.W.3d 651, 654–55 (Tex. App.—El Paso 2006, no pet.); *see also Terry v. Mercedes-Benz, USA, LLC*, No. 05-06-00118-

–9–

CV, 2007 WL 2045231, at *5 (Tex. App.—Dallas July 18, 2007, no pet.) (mem. op.).

Having considered and overruled Wells's arguments, we affirm the trial court's no-evidence summary judgment.

230004f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ADAM WELLS, Appellant

No. 05-23-00004-CV      V.

SOUTHWESTERN BELL
TELEPHONE COMPANY, D/B/A
AT&T TEXAS, Appellee

On Appeal from the 162nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-04131.
Opinion delivered by Justice Nowell.
Justices Molberg and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee SOUTHWESTERN BELL TELEPHONE COMPANY, D/B/A AT&T TEXAS recover its costs of this appeal from appellant ADAM WELLS.

Judgment entered this 11th day of March, 2024.